

|  |  |
|---|---|
|  | **CLERK, U.S. BANKRUPTCY COURT**<br>**NORTHERN DISTRICT OF TEXAS**<br>**ENTERED**<br>THE DATE OF ENTRY IS ON<br>THE COURT'S DOCKET |

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 7, 2022**

_____
**United States Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **In re:** § § § | |
| § | **CASE NO. 14-34940** |
| **AYR LOGISTICS LIMITED INC.** § | **(CHAPTER 7)** |
| § | |
| Debtor. § | |
| § | |
| § | |
| § | **ADVERSARY NO. 17-3112** |
| § | |
| **JEFFREY H. MIMS, CHAPTER 7** § | **CIV. ACTION NO. 3:19-CV-01606-X** |
| **TRUSTEE,** § | |
| § | **Related to ECF No. 92** |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| **ALL SEAS LTD.,** § | |
| § | |
| Defendants. § | |

### REPORT AND RECOMMENDATION TO DISTRICT COURT REGARDING PLAINTIFF'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT

1

Before this Court is the unopposed Motion for Summary Judgment and Brief in Support[1] (the "**Motion**"), filed by Plaintiff Jeffrey H. Mims, the duly appointed Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate of Ayr Logistics Limited Inc. (the "**Debtor**"). In the Motion, the Trustee requests summary judgment on Counts One and Four of his First Amended Complaint (the "**Amended Complaint**"). Count One is for breach of contract pursuant to Missouri law. Count Four is for turnover of loan principal due and owing pursuant to 11 U.S.C. §§ 105(a) and 542 (11 U.S.C. § 101 *et seq.*, the "**Code**"). Although properly served, the Defendant All Seas Ltd. (the "**Defendant**" or "**All Seas**") did not respond to the Motion or appear at the hearing held on the Motion on January 19, 2022 (the "**Hearing**"). For the reasons that follow, this Court respectfully recommends that the District Court grant the Motion in its entirety.

## I.    JURISDICTION.

The District Court has subject matter jurisdiction over the adversary proceeding under 28 U.S.C. § 1334. Although bankruptcy courts do not have independent subject matter jurisdiction over bankruptcy cases and proceedings, 28 U.S.C. § 151 grants bankruptcy courts the power to exercise certain "authority conferred" upon the district courts. Under 28 U.S.C. § 157, district courts may refer bankruptcy cases and proceedings to bankruptcy courts for either entry of a final judgment (core proceedings) or, absent consent of the parties, proposed findings and conclusions (noncore, related-to proceedings). This report and recommendation shall constitute this Court's proposed findings and conclusions with respect to the Motion.

## II.    UNDISPUTED FACTS AND PROCEDURAL HISTORY.

The Defendant All Seas is a company incorporated in the British Virgin Islands in 1998 by Mr. Chavdar Angelov, the Defendant's sole owner and manager at all times relevant to this Report

---

[1] ECF Nos. 63 and 64.

and Recommendation.² In or around April of 2009, Mr. Angelov also became a partner with Mr. Philip Robert Harris, the Debtor's President and General Manager, with regard to a project in Bulgaria referred to as the "Silver Beach Project."³ Seeking additional capital to aid in the development of the Silver Beach Project, on behalf of All Seas, Mr. Angelov approached Mr. Jeff McClanahan, the owner of SEEK Foundation LLC ("**SEEK**"), likewise in April of 2009.⁴ On April 27, 2009, the Defendant and SEEK entered into the Corporate Promissory Note & Guarantee No. 1 (the "**Note**") pursuant to which SEEK agreed to lend and the Defendant agreed to repay $1 million, payable on first demand "valid through December 31, 2012."⁵

On August 25, 2009, SEEK assigned and conveyed "all (100%) of its ownership interest" in the Note to the Debtor by execution of the Endorsement Order by Mr. McClanahan.⁶ Pursuant to that assignment, SEEK further agreed to undertake and assume responsibility for ensuring that the Defendant made timely payment on the Note.⁷ On October 8, 2012, SEEK, through counsel, delivered a demand letter (the "**Demand Letter**") to the Defendant making a demand for the repayment of the principal due under the Note.⁸ The Defendant thereafter failed to repay the principal due.⁹

The Debtor filed its voluntary petition pursuant to Chapter 7 of the Code (the "**Petition**")¹⁰ on October 10, 2014 (the "**Petition Date**"). On November 1, 2017, the Trustee filed his Complaint

---

² Trustee's Appendix in Support of the Motion ("**APP.**"), ECF No. 95 at 0003 ¶ 5.
³ *Id.* at 0003–04 ¶ 9.
⁴ *Id.* at 0004 ¶ 10.
⁵ *Id.* ¶ 11; *see id.* at 0007–08 (representing the Note).
⁶ *Id.* at 0004 ¶ 13, 0020 ¶ 10; *see id.* at 0015–16 (representing the Endorsement Order pursuant to which SEEK assigned the Note to the Debtor).
⁷ *Id.* at 0020 ¶ 11.
⁸ *Id.* at 0021 ¶ 13; *see id.* at 0038–39 (representing the Demand Letter).
⁹ *Id.* at 0021 ¶ 13; *see* Defendant's Original Answer Subject to Motion to Dismiss (the "**Answer**"), ECF No. 45 ¶¶ 12, 25 (admitting that the Defendant did not remit payment under the Note).
¹⁰ Case No. 14-34940-mvl-7 (the "**Main Case**"), ECF No. 1.

3

initiating this adversary proceeding.[11] The Court issued a summons on the Defendant on November 2, 2017.[12] On December 30, 2017, the Trustee filed his Amended Complaint.[13] On April 10, 2018, a summons was reissued on the Defendant, service of which was effectuated on the same day.[14] On May 3, 2019, the Defendant filed its Motion to Dismiss for Lack of Personal Jurisdiction and in the Alternative, Motion to Dismiss for Forum Non Conveniens and Brief in Support (the "**Motion to Dismiss**").[15] On May 7, 2019, the Defendant filed its Answer.[16] The Trustee filed his Objection to the Motion to Dismiss on May 28, 2019 (the "**Trustee Response**").[17] The Defendant filed its Reply to the Trustee Response on June 5, 2019.[18]

The Court held a hearing on the Motion to Dismiss on June 7, 2019. On June 11, 2019, the Court entered its Order Granting the Motion to Dismiss (the "**Dismissal Order**").[19] The Trustee filed his Notice of Appeal of the Dismissal Order on June 25, 2019.[20] On September 25, 2020, the District Court entered its Memorandum Opinion and Order vacating the Dismissal Order and remanding the case to this Court for further proceedings.[21] Consistent therewith, this Court entered its Order Vacating and Setting Aside the Dismissal Order.[22] Thereafter, this Court held two status conferences, on October 20 and November 24, 2020, respectively, at which the Defendant appeared and participated. On April 28, 2021, the Court held a hearing on the Motion to Dismiss, ultimately denying the Motion to Dismiss by order entered on June 9, 2021.[23] The

---

[11] ECF No. 1.
[12] ECF No. 3.
[13] ECF No. 5.
[14] ECF Nos. 13, 29.
[15] ECF No. 42.
[16] ECF No. 45.
[17] ECF No. 47.
[18] ECF No. 49.
[19] ECF No. 50.
[20] ECF No. 52.
[21] ECF No. 66.
[22] ECF No. 69.
[23] ECF No 89.

Trustee filed the instant Motion on December 8, 2021.[24] The Defendant has not submitted further filings nor appeared in this Court.

### III. SUMMARY JUDGMENT STANDARD.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.[25] Pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, the Court may grant an unopposed motion for summary judgment provided, however, that the Court must examine the Motion on its merits and may only grant the Motion if doing so would be appropriate.[26] "[A] motion for summary judgment cannot be granted simply because there is no opposition, . . . [rather,] a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law."[27]

### IV. LEGAL ANALYSIS.

#### A. Count One – Breach of Contract under Missouri Law

The Trustee first seeks summary judgment on Count One in his Complaint for breach of contract under Missouri law. The Note provides that Missouri law governs.[28] For the reasons that follow, the Court recommends granting the Motion as to Count One.

Under Missouri law, to establish liability for a breach of the Note, the Trustee must establish three elements as a matter of law: (1) the existence of a valid promissory note signed by the maker; (2) a remaining balance due on the note; and (3) a demand on the maker for payment

---

[24] ECF Nos. 92–93.
[25] *See* Fed. R. Civ. P. 56, as made applicable by Fed. R. Bankr. P. 7056; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[26] *Rigdon v. United States Postal Serv.*, No. 01-3553, 2002 U.S. Dist. LEXIS 7906, at *2 (E.D. La. Apr. 25, 2002).
[27] *Calais v. Theriot*, 589 Fed. App'x 310, 311 (5th Cir. 2015) (internal quotations omitted).
[28] APP. 0008.

that has been made and refused, leaving the maker in default.[29] A plaintiff may prove the *prima facie* existence of these elements "by producing the note admittedly signed by the maker and showing the balance due."[30] The Trustee included in his Appendix in Support of the Motion a copy of the Note[31] and the declarations of Mr. Angelov and Mr. McClanahan, both of whom averred under penalty of perjury to having personal knowledge of the Note and the execution thereof. Furthermore, Mr. Angelov stated in his declaration that he was duly authorized to execute the Note on behalf of the Defendant pursuant to a Power of Attorney, a copy of which he attached to his declaration.[32] The Defendant did not controvert the Trustee's evidence or argument with regard to the Note. Thus, after review of the Motion and the Trustee's supporting evidence, the Court hereby recommends that the District Court find that the first element is established as a matter of law—namely, that the Note exists, Mr. Angelov duly executed the Note pursuant to this authority under the Power of Attorney, and that the Note is signed by its maker, the Defendant.

As to the second element, under Missouri law, an affiant's or declarant's professional role may be sufficient to demonstrate personal knowledge of the details of business relationships.[33] As described above, Mr. Angelov was the duly authorized representative of the Defendant pursuant to the Power of Attorney, in addition to being the Defendant's owner. Mr. McClanahan was SEEK's owner. These roles are sufficient, especially in the absence of controverting evidence, to establish that both Mr. Angelov and Mr. McClanahan have personal knowledge of the Note and

---

[29] *Bank of Houston v. Action Land and Cattle Company*, 521 S.W.3d 304, 306 (Mo. App. S.D. 2017) (quoting *Hamilton v. Massengale*, 481 S.W.3d 128, 131 n.4 (Mo. App. S.D. 2016)).
[30] *Bank of Kirksville v. Small*, 742 S.W.2d 127, 130 (Mo. 1987) (*en banc*); *Gateway Metro Federal Credit Union v. Jones*, 603 S.W.3d 315, 319 (Mo. App. E.D. 2020).
[31] APP. 0007–08.
[32] APP. 0003–04, 0009–13 (representing the Power of Attorney).
[33] *Rustco Prods. Co. v. Food Corn*, 925 S.W.2d 917, 924 (Mo. App. W.D. 1996) (holding that affiant's role as director was sufficient to establish personal knowledge of an agreement between plaintiff and defendant, actual sale and delivery of goods, sale price and terms of the agreement, and the total amount of the indebtedness of defendant to plaintiff).

the amount due thereunder. The uncontroverted declaration of Mr. McClanahan states, based on his personal knowledge, that no payment has been received from the Defendant on account of the Note.[34] Additionally, the Defendant admitted in its Answer that it did not make a payment under the Note, alleging instead that no payment was due.[35] Thus, the Court hereby recommends that the District Court find that a balance remains due under the Note.

Finally, with regard to the third element, there is no dispute that a demand was made upon the Defendant for payment under the Note. Under Missouri law, a demand note becomes overdue "on the day after the day demand for payment is duly made."[36] Similarly, a note payable at a definite time that is not payable in installments is overdue on the day after the due date.[37] Pursuant to the Note, the Defendant promised to pay $1 million on demand "valid through December 31, 2012."[38] In accordance with the agreed terms of the assignment of the Note, on behalf of the Debtor, SEEK delivered the Demand Letter to the Defendant on October 8, 2012.[39] The Court was not presented with testimony controverting that the Demand Letter was delivered to the Defendant on October 8, 2012. Furthermore, that SEEK, rather than the Debtor, delivered the Demand Letter is of no moment, as the Demand Letter unambiguously made a demand for payment and identified the Note to which such demand related. Thus, the Court recommends that the District Court find that the Defendant was duly notified of a demand for payment, which was ignored, rendering the Defendant in default under the Note.[40]

---

[34] APP. 0021 ¶ 13.
[35] Answer, ECF No. 45 ¶¶ 12, 25.
[36] Mo. Rev. Stat. § 400.3-304(a)(1).
[37] *Id.* § 400.3-304(b)(2).
[38] APP. 0008.
[39] APP. 0038–39; *see* APP. 0021, ¶13 (Mr. McClanahan stating that the Demand Letter was delivered on October 8, 2012 and authenticating the attached copy thereof).
[40] The Trustee alternatively asserts that even if the Demand Letter were not an effective demand for payment under the Note, the Note matured on December 31, 2012 by its terms, and the Defendant has not remitted any payment. The Court does not believe it need reach the Trustee's alternative argument.

The Trustee's summary judgment evidence, together with the Trustee's argument at the Hearing, show that granting summary judgment in this case would be appropriate as to Count One pursuant to Rule 56(e). The Trustee presented sufficient evidence establishing each of the three required elements for breach of a promissory note under Missouri law. This evidence was uncontroverted; thus, the Court has not been shown a genuine dispute as to any material fact. The Court, therefore, recommends that the District Court grant the Motion as to the Trustee's Count One.

**B.      Count Four – Turnover Pursuant to 11 U.S.C. §§ 105(a) and 542**

The Trustee finally seeks summary judgment as to Count Four of his Complaint seeking turnover of the $1 million due under the Note pursuant to §§ 105(a) and 542 of the Code. For the reasons that follow, the Court recommends granting the Motion as to Count Four.

Section 542 of the Code provides that "an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee."[41] Section 542(a) of the Code allows a trustee to compel the turnover of property of the estate held by other entities.[42] Pursuant to § 541, property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."[43] "A note receivable, like any other asset that undisputedly belongs to the debtor, properly may appear on a debtor's balance sheet, being replaced by a corresponding asset entry for cash when the note is paid off."[44]

The Trustee's summary judgment evidence, as discussed above, establishes that the Debtor was, as of the Petition Date, entitled to payment of $1 million under the Note. That note receivable,

---

[41] 11 U.S.C. § 542(b).
[42] *Id.* § 542(a); *Tow v. Yu*, Case No. H-14-3103, 2017 WL 629474, at *4 (S.D. Tex. Jan. 30, 2017).
[43] 11 U.S.C.§ 541(a)(1).
[44] *In re Pali Holdings*, 488 B.R. 841, 851 (Bankr. S.D.N.Y. 2013).

therefore, became property of the Debtor's bankruptcy estate as of the Petition Date. The Trustee, therefore, may seek recovery of the amount due under the Note pursuant to his powers under § 542 of the Code. The Court recommends that the District Court grant the Motion as to the Trustee's Count Four.

Accordingly, the Court respectfully recommends that the District Court grant the Motion in its entirety.

### ###END OF REPORT AND RECOMMENDATION###